David A. Chami, #027585
Tyler Holyfield , #034668
**PRICE LAW GROUP, APC**
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com
tyler@pricelawgroup.com

*Attorneys for Plaintiff*
*Jerry Watson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY WATSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL ONE BANK (USA) N.A.; GURSTEL LAW FIRM, P.C. F/K/A GURSTEL CHARGO, P.A.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]<br><br>2. FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jerry Watson ("Plaintiff"), through his attorneys, alleges the following against Defendants Capital One Bank (USA) N.A. ("Capital One"), Gurstel Law Firm, P.C. f/k/a Gurstel Chargo, P.A. ("Gurstel"), Equifax Information Services, LLC

("Equifax"), TransUnion, LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., which prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information.

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## PARTIES

3. Plaintiff Jerry Watson is a consumer and natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

4. Defendant Capital One (USA) N.A. is a national banking association with its principal place of business located at 1680 Capital One Drive, McLean, VA 22102-3491. Defendant Capital One is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, Defendant Capital One is a "person" as defined by § 1681a(b).

5. Defendant Gurstel Law Firm, P.C. is a law firm that engages in the practice of debt collection and therefore is a "debt collector" as contemplated by 15 U.S.C. §

1692a(6). Gurstel is a Minnesota corporation that can be served through its registered agent, CT Corporation, at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona, 85012.

6. Defendant Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

7. Defendant TransUnion is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. TransUnion's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

8. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. On information and belief, Equifax, Experian, and TransUnion disburse *consumer reports* to third parties under contract for monetary compensation.

10. At all relevant times, all Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

11. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

12. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

13. This Court has personal jurisdiction over Defendant because Defendant regularly does business in this District, and Defendant maintains systematic and continuous business contacts with this State.

14. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

*GENERAL FACTUAL ALLEGATIONS:*

15. On or about April 12, 2016, Gurstel filed a collection lawsuit (Case No. CC2016-065149) on behalf of Capital One in the Arizona Hassayampa Justice Court against Plaintiff.

16. Thereafter, Plaintiff entered into a negotiated settlement agreement with Gurstel to pay the debt he allegedly owed on two Capital One accounts directly to Gurstel.

17. Plaintiff and Gurstel agreed that Plaintiff would pay $866.04 on account number x1723 ($61.86/mo for 14 months), and $1,233.96 on account number x3677 ($88.14 for 14 months).

18. Account x1723 is also known as Capital One account 517805763335xxxx and account x3677 is also known as Capital One account 517805932684xxxx.

19. Pursuant to the settlement, Plaintiff signed a stipulated judgment with a conditional agreement not to execute, which was filed with the court on or about August 23, 2016.

20. Between August 2016 and September 2017, Plaintiff diligently made every payment to Gurstel for both accounts as agreed.

21. In or around September of 2017 Plaintiff submitted the final payment on the account x1723 and in the reference line of the check made the note "final payment".

22. On or about September 27, 2017, Gurstel sent Plaintiff a letter returning the final payment, check number 825 on the x1723 account, stating it was "unable to process the check as it contain[ed] restrictive language stating 'final payment'" and asking for new remittance.

23. Plaintiff then immediately remitted payment and the check was cashed by Gurstel, completing all payments for both accounts.

24. Neither Gurstel nor Capital One filed a Satisfaction of Judgment immediately following Plaintiff's completion of all payments.

*FAIR CREDIT REPORTING ACT FACTUAL ALLEGATIONS:*

25. In September 2017, Plaintiff obtained his Experian, Equifax, and TransUnion credit reports and discovered that both accounts were still reporting balances owed.

26. Thereafter, Plaintiff disputed online with all three bureaus that the account was paid and he did not owe any balance.

27. In response to those disputes, Defendants Experian, Equifax, and TransUnion all responded their reporting was accurate.

28. On or about February 7, 2019, Plaintiff received a notice letter from Gurstel stating that a judgment had been entered against him for debt in the case he had already settled and paid a year and a half earlier (CC2016-065149).

29. On or about February 11, 2019, Plaintiff obtained his TransUnion credit report and discovered the x3677 account was reporting he still owed $607, and the x1723 account showed he owed $361.

30. On or about February 11, 2019, Plaintiff obtained his Experian credit report and discovered the x3677 account was reporting he still owed $607, and the x1723 account showed he owed $361.

31. On or about February 12, 2019, Plaintiff obtained his Equifax credit report and discovered the x3677 account was reporting he still owed $607, and the x1723 account showed he owed $361.

32. On or about February 13, 2019, Plaintiff mailed certified letters to all three credit reporting agencies (Equifax, Experian, Transunion) disputing the erroneous reporting of balances on the accounts he had settled.

33. Plaintiff has confirmation that his certified dispute letter was received by TransUnion on February 19, 2019, by Equifax on February 18, 2019, and by Experian on February 19, 2019.

34. Upon information and belief, each credit reporting agency forwarded Plaintiff's dispute to Defendant Capital One.

35. On or about February 27, 2019, Defendant Equifax responded by continuing to report the erroneous balance and past due of $607 for the x3677 account, and $361 for the x1723 account. The payment history inaccurately shows a "charge off" every month from August 2016 through January 2019. Equifax stated the "disputed information has been verified as accurate."

36. On or about March 5, 2019, Defendant TransUnion responded by continuing to report the erroneous balance and past due of $607 for the x3677 account and $361 for the x1723 account. The payment history inaccurately shows a "charge off" every month from August 2016 through February 2019. TransUnion stated the "disputed information was VERIFIED AS ACCURATE."

37. Upon information and belief, Experian did not respond to Plaintiff's dispute.

38. On or about March 25, 2019, Plaintiff obtained his Experian consumer report and discovered that Experian continues to report the erroneous balance and past due of $607 for the x3677 account and $361 for the x1723 account. The payment history inaccurately shows a "charge off" every month from August 2016 through March 2019.

39. Due to the reporting by Defendants Capital One, Experian, Equifax, and Trans Union, Plaintiff has difficulty obtaining credit at favorable rates.

40. In January 2019, Plaintiff was denied for a mortgage refinance, primarily because of the erroneous reporting by Defendants.

41. In March 2019, Plaintiff's car was wrecked, and he was forced to buy a new (used) car at a very high interest rate.

42. The erroneous credit reporting and Defendants' refusal to correct it caused significant stress on Plaintiff and his marriage.

*FAIR DEBT COLLECTION PRACTICES ACT FACTUAL ALLEGATIONS:*

43. On or about February 7, 2019, Plaintiff received a letter from Gurstel notifying him that "a judgment had been entered against [him]" for debt in the case he had already settled and paid a year and a half earlier (CC2016-065149). Gurstel demanded payment of $607.82.

44. Thereafter, Plaintiff obtained his credit reports to determine exactly what was being reported and proceeded to dispute the errors.

45. On or about March 4, 2019, a Summons and Writ of Garnishment for Case No. CC2016-065149 was served by Gurstel on his employer, Central Arizona Project, to garnish Plaintiff's wages for the $607.82.

46. On or about March 6, 2019, Plaintiff received a copy in the mail of the summons and writ, filed February 27, 2019. This was Plaintiff's first knowledge of Gurstel's garnishment action.

47. On or about March 6, 2019, Plaintiff, through an email from undersigned counsel, demanded that Gurstel immediately quash the summons and writ because the debt had been long paid.

48. Defendant Gurstel failed to respond to Counsel's emails.

49. On or about March 8, 2019, Plaintiff received an email from his employer attaching a Notice to Discharge and Release Garnishee; it was through his employer that Plaintiff learned that Gurstel had released the garnishment.

50. On or about March 15, 2019, Gurstel finally filed a Satisfaction of Judgment in the case, more than a year and a half after it had actually been satisfied.

51. Receiving Gurstel's February 7, 2019 letter was emotionally disturbing for Plaintiff, who had diligently made all twenty-eight payments over fourteen months and thought the issue had been put behind him in 2017.

52. Plaintiff was humiliated and embarrassed that his employer was served a writ to garnish him, as his employer had no previous knowledge of Plaintiff's 2017 judgment.

53. The actions by Gurstel, a law firm to whom Plaintiff had made every payment directly as agreed, were especially upsetting and stressful to Plaintiff and his wife.

54. The actions by all Defendants has cost Plaintiff a significant amount of time and unnecessary emotional distress.

## COUNT I

**Defendants Capital One, Experian, Equifax, and TransUnion Violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.***

55. Plaintiff incorporates by reference paragraphs one (1) through forty-two (42) of this Complaint as though fully stated herein.

***CREDIT REPORTING AGENCIES – EXPERIAN, EQUIFAX, TRANSUNION***

56. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

57. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

58. Finally, the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

59. Defendants Equifax, Experian, and TransUnion failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

60. Defendant Equifax, Experian, and TransUnion failed to review and consider all relevant information submitted by Plaintiff.

61. Defendant Equifax, Experian, and TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

62. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

63. Defendants' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

*DATA FURSHISHER – CAPITAL ONE*

64. The FCRA requires a furnisher, such as Capital One, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

65. Defendant Capital One is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

66. Defendant Capital One is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n & o.

67. Since Plaintiff's final payment of the debts until the present, Defendants Capital One, Equifax, Experian, and TransUnion have reported inaccurate information on Plaintiff's credit report.

## COUNT II

**Defendant Gurstel Violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq**

68. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) and forty-three (43) through fifty-four (54) of this Complaint as though fully stated herein.

69. Defendant violated the FDCPA by attempting to collect a consumer debt without complying with the provisions of Sections §§ 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

70. By attempting to collect a debt which Plaintiff did not owe, Defendant used false, deceptive, or misleading representations of the character, amount AND legal status of the debt in connection with its collection actions in violation of § 1692e(2)(A).

71. By sending Plaintiff a letter stating a "Judgment has been entered" against him and demanding payment of a debt already paid, Defendant violated § 1692e(5) by taking actions that could not legally be taken.

72. By serving a writ of garnishment to Plaintiff's employer, Defendant violated § 1692e(8) by communicating to any person credit information which is known or which should be known to be false.

73. By serving a writ of garnishment to Plaintiff's employer, Defendant violated § 1692e(5) by taking actions that could not legally be taken.

74. Defendant violated § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt, specifically, the collection of any amount not permitted by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants Capital One, Experian, Equifax, and TransUnion violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Declaratory judgment that Defendant Gurstel violated the FDCPA;

G. Actual damages pursuant to § 15 U.S.C. § 1692k(a)(1);

H. Statutory damages of $1,000.00 pursuant to § 15 U.S.C. § 1692k(a)(2);

I. Costs and reasonable attorney's fees pursuant to § 15 U.S.C. § 1692k(a)(3)

J. Any pre-judgment and post judgment interest as may be allowed under the law; and

K. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff demands a trial by jury in this action.

DATED: March 29, 2019

>RESPECTFULLY SUBMITTED,
>
>**PRICE LAW GROUP, APC**
>
>By:/s/ *David A. Chami*
>David A Chami
>Tyler Holyfield
>T: (818) 600-5515
>david@pricelawgroup.com
>tyler@pricelawgroup.com
>
>*Attorneys for Plaintiff Jerry Watson*